**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **BRANDON CHAPMAN,** | ) | **Case No.  1:09 CV 74** |
| | ) | |
| **Plaintiff,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| **vs.** | ) | <u>**MEMORANDUM OF OPINION**</u> |
| | ) | <u>**AND ORDER**</u> |
| **UNITED AUTO WORKERS LOCAL** | ) | |
| **1005, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Before the Court are the Motions for Summary Judgment filed by Defendant

General Motors Corporation ("GM") (**Doc #: 26**) and International Union, United Automobile,

Aerospace and Agricultural Implement Workers of America, Local 1005 (the "UAW") (**Doc #:**

**24**).  For the reasons discussed, *infra*, both motions are **GRANTED**.

**I.**

Plaintiff Brandon Chapman was hired by GM as an hourly, temporary worker on

June 5, 2006, at GM's Parma, Ohio plant.  (Doc #: 27-1 at 5[1]).  By virtue of his position, Plaintiff

became a member of the collective bargaining unit.  (*Id*.)  As a result of the plant's annual

summer shutdown, Plaintiff was released from his temporary employment on July 3, 2006.  (*Id.*

at 6.)  Plaintiff was then re-hired on a temporary basis on July 17, 2006 and continued to work

---

[1]Pinpoint citations refer to the page number of the electronically filed document and not to
the page number listed on the exhibit or transcript.  Thus, this pinpoint citation refers to the fifth
page of Document 27-1, which corresponds to the pages numbered 14-17 on the Brandon Chapman
deposition transcript.

throughout the remainder of 2006 and the first half of 2007.  (*Id*.)  As the 2007 summer shutdown approached, Plaintiff, who was going to be released from his temporary employment, sought an additional week off after the shutdown had ended to tour with his band.  (*Id*. at 18.)  Plaintiff had been told by his team leader that temporary workers with one-year service were eligible for five days unpaid vacation.  (*Id*. at 8-9.)

Unsure of whom to contact regarding the vacation request, Plaintiff asked his stepfather, William Newman, a union committee member, for assistance.  (*Id*.)  Newman approached Tom Danzey, a plant labor relations representative, about securing the vacation.  (Doc #: 27-2 at 3-4.)  Danzey told Newman that temporary employees were not entitled to vacation and Plaintiff would therefore have to leave his job in order to tour with his band.  (*Id*.)  Danzey noted, however, that Plaintiff had a clean record and therefore would not be penalized for taking time off when being considered for future temporary employment.  (*Id*. at 5.)  Not discussed by Danzey and Newman was the plant manager's unofficial policy of giving temporary workers with one-year service up to one week off, unpaid, if approval was obtained from a supervisor and proper paperwork was completed.  This policy was a courtesy provided by the plant and was not a collectively-bargained for contractual right.  (*Id*. at 4.)

Just before the shutdown, Newman told Plaintiff he was "good to go on vacation." (Doc #: 27-1 at 13.)  Plaintiff did not speak with his supervisors nor did he fill out any paperwork before leaving to go on vacation.  (*Id*. at 13-14.)  Upon his return, Plaintiff asked Newman when he should resume working.  (*Id*. at 14-15.)  Newman, after speaking again with Danzey, told Plaintiff that the company did not save spots for temporary employees and consequently no position was available for Plaintiff.  (*Id*.)  Newman assured Plaintiff that he

-2-

"would take care of it" and spoke with Danny Smith, UAW Shop Chairman.  (*Id*. at 21-22.)

Smith convinced Newman not to file a grievance and stated that he would look into the matter.

(*Id*. at 24.)

Plaintiff was not called back to work until he was rehired as a temporary

employee in June 2008.  (*Id*. at 22.)  After being rehired, Plaintiff spoke with Tom Jelen, who

had replaced Smith as Shop Chairman, about not being returned to work after touring with his

band the previous summer.  Jelen represented to Plaintiff that Smith had not taken any action on

Plaintiff's behalf.  (*Id*. at 23-24.)  Jelen then commenced investigating the matter and held a

meeting with Newman and Danzey.  (Doc #: 27-3 at 3-4.)  At the meeting, Newman insisted that

Danzey promised to re-hire Plaintiff; Danzey represented that he only stated that Plaintiff would

be considered for future employment.  (*Id*. at 6-7.)  In light of Plaintiff's lack of seniority and

believing that Danzey had not promised that Plaintiff would be re-hired, Jelen concluded that

Plaintiff was not entitled to be re-hired because, by contract, GM could have hired anyone for its

temporary positions.  (*Id*. at 7.)

Subsequently, Plaintiff brought the instant cause of action, which was removed to

this Court from the Cuyahoga County Court of Common Pleas on January 12, 2009.  Following

lengthy discovery, the UAW and GM both filed motions for summary judgment on December 3,

2009.  After the Court granted three extensions, Plaintiff filed his opposition brief on February

23, 2010.  The UAW and GM then were granted extensions until March 15, 2010, at which point

they filed their respective reply briefs.

**II.**

Summary judgment "shall be rendered forthwith if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  All facts and inferences drawn therefrom must be viewed in a light most favorable to the nonmoving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 403 (6th Cir. 1997).  If, after reviewing the record as a whole, a rational factfinder could not find for the nonmoving party, summary judgment is appropriate since there is no genuine issue of material fact for determination at trial.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Plaintiff's claim for breach of the duty of fair representation against his union, the UAW, and breach of the collective bargaining agreement against his employer, GM, is a hybrid suit under Section 301 of the Labor Management Relations Act, 29 U.S.C. §185 *et seq*.  *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 164-65 (1983); *Martin v. Lake County Sewer Co.*, 269 F.3d 673, 677 (6th Cir. 2001).  Because the two claims are "inextricably interdependent," to prevail against either the UAW or GM, Plaintiff must demonstrate that both parties committed the breaches alleged against them.  *DelCostello*, 462 U.S. at 164-65; *Garrison v. Cassens Transp. Co.*, 334 F.3d 528, 538 (6th Cir. 2003).  Therefore, Plaintiff "must prevail upon his unfair representation claim before he may even litigate the merits of his 301 claim against the employer."  *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 67 (1981).

Plaintiff's claim against the UAW for breach of the duty of fair representation fails because Plaintiff did not exhaust his internal remedies.  Article 33 of the UAW Constitution outlines the procedures for appealing a decision made by the union.  (Doc #: 25-8 at 11-21.)  An

-4-

appeal is first presented to the membership or delegate body immediately responsible for the decision under challenge, then to the International Executive Board, and finally to the Convention Appeals Committee or Public Review Board.  (*Id*. at 11-12.)  "This normal route of appeal shall be followed in all cases, except where this Constitution makes specific provision for an alternate route of appeal."  (*Id*.)  Critically, "[i]t shall be the duty of any individual or body, if aggrieved by any action, decision or penalty imposed, to exhaust fully the individual or body's remedy and all appeals under this Constitution and the rules of this Union before going to a civil court or a governmental agency for redress."  (*Id*. at 20-21.)

The parties agree that Plaintiff did not avail himself of these internal procedures for contesting the Union's failure to pursue Plaintiff's grievance over not being re-hired in 2007. After learning that his temporary position was no longer available to him, Plaintiff sought the help of his stepfather Newman, a Union committee member.  Newman insisted that he would "take care of it" for Plaintiff.  Newman then told Smith, UAW Shop Chairman, that he planned on filing a grievance for Plaintiff.  Smith, however counseled Newman not to file a grievance and that he would look into the matter.  Plaintiff later found out from Jelen, who eventually replaced Smith, that no grievance was ever filed on Plaintiff's behalf.  Jelen sent a letter stating that "[s]ince no grievance was ever written nor protest formally presented with a protest of an improper action there is no case to pursue through the Union Grievance Procedure."  (Doc #: 37-1 at 3.)  Plaintiff did not pursue the issue any further before instituting the instant lawsuit.

Plaintiff asserts that because he relied on Jelen's letter, GM and the UAW are estopped from claiming that Plaintiff failed to exhaust his internal remedies.  That is, Plaintiff filed a judicial action once Jelen's letter indicated that Plaintiff had no internal remedies

-5-

available to pursue.

The reference to the "Grievance Procedure" in Jelen's letter appears directed at contesting a decision made by GM.  It does not address the procedures for disputing a decision made by the UAW.  Nevertheless, even if Jelen's letter is interpreted as addressing internal UAW appeals procedures, Plaintiff still cannot overcome his failure to follow the internal appeals process by insisting that he relied upon Jelen's representation.  The opinion of a union representative cannot be construed as a waiver of the UAW's constitutional appeal requirements. *Ryan v. General Motors Corp.*, 929 F.2d 1105, 1110 (6th Cir. 1989); *see also Miller v. General Motors Corp.*, 675 F.2d 146, 149-50 (7th Cir. 1982) (finding that employee's reliance on union official's representation was not reasonable).  Therefore, Jelen's letter does not excuse Plaintiff from failing to follow the UAW's internal appeals procedures.

Moreover, Plaintiff has not argued and cannot demonstrate that he is excused from following the internal appeals procedures.  Courts have discretion to decide whether internal union procedures must be exhausted.  *Clayton*, 451 U.S. at 689.  The factors for the Court to consider are: (1) whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim; (2) whether the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks; and (3) whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim.  *Id.*; *LaPerriere v. Int'l Union, United Automobile, Aerospace and Agricultural Implement Workers of America*, 348 F.3d 127, 131 (6th Cir. 2003).  Plaintiff has neither alleged nor has he demonstrated hostility on the part of any union official.  Furthermore, the UAW's internal appeals procedures are

-6-

unquestionably adequate because a successful appeal would reactivate Plaintiff's claim.  (Doc #: 27-6.)  Finally, Plaintiff has not shown that exhaustion of the internal procedures would unreasonably delay his opportunity to bring a judicial action.  Consequently, as Plaintiff is not excused from following internal union procedures and because there is no factual dispute that he failed to follow these internal procedures, Plaintiff cannot sustain a cause of action against the UAW for breach of the duty of fair representation.

Because Plaintiff's claim of breach of the duty of fair representation is rejected, Plaintiff's claim of breach of the collective bargaining agreement necessarily fails, as well.  *See DelCostello*, 462 U.S. at 164-65; *Garrison*, 334 F.3d at 538.  Thus, without adjudicating the merits of Plaintiff's claim against either the UAW or GM, summary judgment is granted in favor of both Defendants, as Plaintiff has failed to meet the threshold requirement of exhausting his internal remedies.  Accordingly, this case is dismissed with prejudice

## III.  CONCLUSION

For the reasons discussed, *supra*, the Motions for Summary Judgment filed by Defendants GM (**Doc #: 26**) and the UAW (**Doc #: 24**) are hereby **GRANTED** and this case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster   April 6 , 2010*
**Dan Aaron Polster**
**United States District Judge**